**UNITED STATES DISTRICT COURT**
**DISTRICT OF TEXAS NORTHERN**
**DALLAS DIVISION**

| | |
|---|---|
| UBIQUITOUS CONNECTIVITY, LP, <br><br> Plaintiff, <br><br> v. <br><br> TXU ENERGY RETAIL COMPANY LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) )    CIVIL ACTION NO. 3:18-cv-02084-K |

**JOINT MOTION TO STAY PENDING OUTCOME OF**
**MOTIONS IN RELATED CASES**

**TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................................................. 1

II.   ARGUMENT ..................................................................................................... 4

      A.   This Action Is in Its Earliest Stages ....................................................... 5

      B.   A Stay Will Conserve Judicial Resources and Simplify Issues in the
           Case ....................................................................................................... 5

      C.   A Stay Will Not Prejudice Either Party .................................................. 6

III.  CONCLUSION .................................................................................................. 7

Pursuant to Fed. R. Civ. P. 26 and the Court's inherent power to manage its docket, Plaintiff Ubiquitous Connectivity, LP ("Ubiquitous") and Defendant TXU Energy Retail Company LLC ("TXU") jointly move the Court for an order staying all proceedings in this action until the motions to dismiss currently pending in Civil Action nos. 5:18-cv-00718-XR (the "W.D. Texas Case") and 4:18-cv-00368-JED-FHM (the "Oklahoma Case") (together, the "Related Actions") have been decided.[1]   Given that this action is in the very early stages of litigation, the parties believe that a stay would serve the best interests of the Court and all parties involved.  The parties therefore respectfully request a stay of all case-related deadlines pursuant to both the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court, Northern District of Texas ("Local Rules"), including the filing of TXU's response to the Complaint, currently due on January 14, 2018, pending the final resolution of the Motions to Dismiss.

## I.      FACTUAL BACKGROUND

On July 27, 2017, Ubiquitous filed a complaint in the Eastern District of Texas against TXU alleging that TXU infringes U.S. Patent Nos. 8,064,935 (the "'935 Patent") and 9,602,655 (the "'655 Patent) (collectively, the "Asserted Patents").  *See* Appendix to Joint Motion to Stay Pending Outcome of Motions in Related Cases ("App.") at pp. 001–043 (Ex. 1 (Complaint – TXU E.D. Tex.)).  On October 5, 2017, TXU filed a Motion to Dismiss for Improper Venue. *See* App. at pp. 044–083 (Ex. 2 (TXU Motion to Dismiss for Improper Venue)).  On October 17, 2017, Ubiquitous filed a Stipulated Dismissal Without Prejudice, which was granted on October 23, 2017.  *See* App. at pp. 084–090 (Ex. 3 (Stipulated Dismissal)).  Approximately one year later, Ubiquitous filed the instant case making substantially the same allegations.  Dkt. No. 1

---

[1] The motions to dismiss filed in the Related Actions (hereinafter, "Motions to Dismiss") are attached hereto. App. at pp. 317–343 (Ex. 6 (CPS Motion to Dismiss)); App. at pp. 621–646 (Ex. 12 (CSG Motion to Dismiss)).

(Complaint).  In particular, Ubiquitous accuses Defendant's "Products and Services, that form a wirelessly controllable smart thermostat system that incorporates a base unit" as allegedly infringing the Asserted Patents.  *Id*. at ¶¶ 29, 44.

On July 12, 2018 and July 17, 2018, respectively, Ubiquitous filed complaints in the Related Actions, asserting the same patents against two other companies and products that those companies provide.  *See* App. at pp. 091–194 (Ex. 4 (Complaint – CPS); App. at pp. 195–316 Ex. 5 (Complaint – CSG)).  On September 20, 2018, CPS Energy, the Defendant in the W.D. Texas Case, filed a Motion to Dismiss on the grounds that the claims of the Asserted Patents are invalid under 35 U.S.C. § 101 as directed to ineligible subject matter.  *See* App. at pp. 317–343 (Ex. 6 (CPS Motion to Dismiss)).  On October 22, 2018, Ubiquitous and CPS Energy filed a Joint Motion to Stay Proceedings Pending Resolution of Defendant's Rule 12(b)(6) Motion to Dismiss, which was granted the same day.  *See* App. at pp. 344–351 (Ex. 7 (Ubiquitous/CPS Joint Motion to Stay)).  As a result, the W.D. Texas Case is stayed pending a ruling on the Motion to Dismiss.  On November 5, 2018, Ubiquitous filed an Opposition to CPS Energy's Motion to Dismiss, which included the Expert Declaration of Ivan Zatkovich ("Zatkovich Declaration").  *See* App. at pp. 352–570 (Ex. 8 (Ubiquitous Opposition to CPS Motion to Dismiss)).  In response, on November 26, 2018, CPS filed a Motion to Strike that declaration. *See* App. at pp. 571–579 (Ex. 9 (CPS Motion to Strike)).  On November 26, 2018, CPS also filed a Reply in Support of its Motion to Dismiss.  *See* App. at pp. 580–593 (Ex. 10 (CPS Reply ISO Motion to Dismiss)).  On December 10, 2018, Ubiquitous filed an Opposition to Defendant's Motion to Strike.  *See* App. at pp. 594–620 (Ex. 11 (Ubiquitous Opposition to CPS Motion to Strike)).

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

2

On October 4, 2018, Central Security filed a nearly identical Motion to Dismiss, similarly asserting that the claims of the Asserted Patents are invalid under 35 U.S.C. § 101. *See* App. at pp. 621–646 (Ex. 12 (CSG Motion to Dismiss)). On October 20, 2018, Ubiquitous and CPS Energy similarly filed a Joint Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and to Stay All Case-Related Deadlines, which was granted on October 23, 2018. *See* App. at pp. 647–651 (Ex. 13 (Ubiquitous/CSG Joint Motion for Extension of Time and to Stay)). As a result, all case-related deadlines are stayed in the Oklahoma Case pending the outcome of the Motion to Dismiss. On November 5, 2018, Ubiquitous filed an Opposition to the Motion to Dismiss, which was substantially similar to the Opposition filed in the W.D. Texas Case. *See* App. at pp. 652–870 (Ex. 14 (Ubiquitous Opposition to CSG Motion to Dismiss)). In response, on November 26, 2018, Central Security similarly filed a Motion to Strike Plaintiff's expert declaration. *See* App. at pp. 871–879 (Ex. 15 (CSG Motion to Strike)). On November 26, 2018, Central Security filed its Reply. *See* App. at pp. 880–892 (Ex. 16 (CSG Reply ISO Motion to Dismiss)). Briefing on Central Security's Motion to Dismiss is now also closed.

On November 15, 2018, Ubiquitous sent a Waiver of Service request to TXU. TXU executed and returned the Waiver on November 16, 2018, thereby extending TXU's time to respond to the Complaint to January 14, 2018. Dkt. No. 15 (Waiver of Service). On December 28, 2018, Ubiquitous filed an Amended Complaint, attaching the same Zatkovich Declaration that is the subject of motions to strike pending in the Related Actions. Dkt. No. 20 (First Amended Complaint for Patent Infringement).

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

3

Both parties now agree that a stay, pending the outcome of the Motions to Dismiss in the Related Actions, would be mutually beneficial, allowing both parties to avoid potentially unnecessary costs and burdens associated with discovery.

## II.     ARGUMENT

District courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (*quoting Petrus v. Bowen*, 833 F.2d 581, 853 (5th Cir. 1987)); *see also United States v. Luminant Generation Co. LLC*, No. 3:13-cv-03236-K, 2014 U.S. Dist. LEXIS 91527, at *2 (N.D. Tex. January 10, 2014) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) ("the Court's power to stay the proceedings flows from its inherent power to manage its docket and conserve the resources of the Court, counsel, and litigants").  The inherent powers of the district courts are a matter of regional circuit law.  *AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1328 (Fed. Cir. 2014).  Courts can grant stays for "good cause" and, in particular, the Fifth Circuit has held that it is appropriate "to stay discovery pending a decision on a dispositive motion." *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014) (*quoting Corwin v. Marney, Orton Invs.,* 843 F.2d 194, 200 (5th Cir. 1988)).

Because the parties agree that a stay in this case would serve the interests of all parties involved and would conserve judicial resources at an early stage in the litigation, good cause exists to grant the instant motion.  *See, e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (district courts have discretion to stay discovery "for good cause shown"); *Luminant*, 2014 U.S. Dist. LEXIS 91527 at *3 (finding that "the best use of the time

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

4

and resources of the judiciary and the parties [was] to grant a stay" while a "first-filed case resolve[d] overlapping, controlling issues").

### A.      This Action Is in Its Earliest Stages

This action is in the earliest stages of litigation.  TXU has not yet even responded to the Complaint.  No scheduling order has been entered and no scheduling conference has been held. Discovery has not begun, and no pre-trial deadlines have been set by the Court.  Given the early stage of litigation, a stay in light of the pending Motions to Dismiss in the Related Actions is appropriate.  *See Zitovault, LLC v. IBM*, No. 3:16-cv-00962-M, 2016 U.S. Dist. LEXIS 191335, at *3–5 (finding that the fact that the case was "still in its relatively early stages" favored a stay of litigation); *Slide Fire Solutions, L.P. v. Bump Fire Sys., LLC*, No. 3:14-cv-3358-M, 2016 U.S. Dist. LEXIS 83007, at *5 (considering the "progress of [] litigation" in deciding on a motion to stay).

### B.      A Stay Will Conserve Judicial Resources and Simplify Issues in the Case

If the courts in the Related Actions both find: (1) that the claims of the Asserted Patents are invalid as not directed to eligible subject matter under 35 U.S.C. § 101, (2) that the claims of the Asserted Patents are not invalid as directed to eligibly subject matter under 35 U.S.C. § 101, or (3) that such a determination is premature at this stage of the case, the parties agree to accept that determination here. Thus, allowing the courts in the Related Actions to address this threshold issue before the parties engage in potentially unnecessary and expensive discovery in this case would benefit both the parties and the Court.  *See Luminant*, 2014 U.S. Dist. LEXIS 91527 at *2–3 (granting a motion to stay to conserve "the time and resources of the judiciary and the parties" while "controlling issues" were pending in a related case); *Zitovault*, 2016 U.S. Dist.

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

5

LEXIS 191335 at *4–5 (finding that granting a stay while several of the claims at issue were facing invalidation by the Patent Trial and Appeal Board would simplify issues in the case); *Slide Fire Solutions*, 2016 U.S. Dist. LEXIS 83007 at *4 (finding that it would be "most efficient to conduct [] litigation" after dispositive issues were resolved by the Patent and Trademark Office).

### C.    A Stay Will Not Prejudice Either Party

A short stay of the proceedings to resolve the preliminary issue of patent eligibility will not prejudice either party and will save unnecessary discovery costs as well as valuable judicial resources.  *See Zitovault*, 2016 U.S. Dist. LEXIS 191335 at *3–4 (N.D. Tex. July 11, 2016) (considering whether a stay would unduly prejudice or disadvantage the non-moving party); *Slide Fire Solutions*, 2016 U.S. Dist. LEXIS 83007 at *5 (N.D. Tex. Apr. 21, 2016) (granting a motion to stay when an "additional delay would not unduly prejudice" the non-moving party). On the contrary, beginning discovery during the pendency of the Motions to Dismiss would equally burden both parties.  Significant litigation expenses including, but not limited to, significant time and resources spent on discovery would be borne by both parties.  Given that these expenses could potentially be rendered unnecessary in light of the outcome of the Motions to Dismiss pending in the Related Actions, both parties would instead benefit from a short stay in this action.  Deadlines and discovery would be stayed for both parties and equal cost savings would be realized by both parties.  A stay would also prevent potential discovery disputes, including the costs associated with such disputes and the Court's required intervention in such disputes.  Numerous courts, including those in this district, endorse the practice of instituting brief stays pending decisions on dispositive motions for this reason.  *See, e.g*., *Griffin v. Am.*

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

6

*Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 U.S. Dist. LEXIS 178956, at *6 (N.D. Tex. Mar. 18, 2015); *Foreman v. Tex. A&M Univ. Sys. Health Sci. Ctr. & Charles Berry*, No. 3:08-cv-1469-L, 2008 WL 4949267, at *11 (N.D. Tex. Nov. 12, 2008); *Von Drake v. NBC*, No. 3-04-cv-0652-R, 2004 WL 1144142, at *5 (N.D. Tex. May 20, 2004).

## III.   CONCLUSION

For all of the foregoing reasons, Defendant TXU and Plaintiff Ubiquitous jointly request that this Court exercise its discretion and stay all proceedings in this case pending resolution of the Motions to Dismiss.

January 7, 2019

Respectfully submitted,

TXU ENERGY RETAIL COMPANY, LLC

By its attorney,

By: /s/ John M. Jackson
John M. Jackson
jjackson@jw.com
Texas State Bar No. 24002340
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Tel: (214) 953-6000
Fax: (214) 953-6645

UBIQUITOUS CONNECTIVITY, LP


*/s./ James F. McDonough, III.*
James F. McDonough, III
Email: jmcdonough@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0869
Facsimile: (205) 547-5504


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEFF) and paper copies will be sent to those indicated as non-registered participants.



*/s/ James F. McDonough, III*

---

*Ubiquitous Connectivity, LP v. TXU Energy Retail Company LLC*
JOINT MOTION TO STAY PENDING OUTCOME OF
MOTIONS IN RELATED CASES

8

9024127v1