IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UBIQUITOUS CONNECTIVITY, LP,<br><br>Plaintiff,<br><br>V.<br><br>TXU ENERGY RETAIL COMPANY, LLC,<br><br>Defendant. | No. 3:18-cv-2084-K<br><br>**Lead Case** |
| UBIQUITOUS CONNECTIVITY, LP,<br><br>Plaintiff,<br><br>V.<br><br>TXU ENERGY RETAIL COMPANY, LLC,<br><br>Defendant. | No. 3:20-cv-3586-K<br><br>**Consolidated Case** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ubiquitous Connectivity, LP's ("Ubiquitous") counsel James F. McDonough III, Kirk L. Pittard, Kristiana N. Kastl, and Heather Banahan Nease ("Ubiquitous Litigation Counsel") filed a motion to withdraw as attorney. *See* Dkt. No. 44. Movant Charles Shamoon filed a motion to substitute party. *See* Dkt. No. 54. TXU Energy Retail Company, LLC ("TXU") filed a motion to dismiss. *See* Dkt. No. 57. United States District Judge Ed Kinkeade has referred these motions to the undersigned magistrate judge. *See* Dkt. No. 58.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant the motion to dismiss and deny the motion to substitute parties and the motion to withdraw as attorney as moot.

## Background

This case alleging patent infringement by TXU was brought by Ubiquitous on August 10, 2018. On June 3, 2022, Ubiquitous Litigation Counsel filed a motion to withdraw as attorney. *See* Dkt. No. 44. They had previously filed such a motion [Dkt. No. 41], which Judge Kinkeade had denied for failure to specify the reasons requiring withdrawal [Dkt. No. 42].

On this second attempt, Ubiquitous Litigation Counsel explained that "Plaintiff and its outside counsel have communicated to [Ubiquitous Litigation] Counsel that [Ubiquitous Litigation] Counsel's representation of Plaintiff is terminated and that [Ubiquitous Litigation] Counsel is not authorized to take any action on behalf of Plaintiff." *See* Dkt. No. 44 at 2. Judge Kinkeade deferred ruling until replacement counsel appeared, giving until July 1, 2022, for replacement counsel to be named. *See* Dkt. No. 45.

On July 6, 2022, after no replacement counsel had been named, Judge Kinkeade ordered replacement counsel to appear by July 25, 2022, warning that failure to timely comply could result in "a dismissal of this case for want of prosecution, an order for Plaintiff's corporate representative to appear and show cause as to why replacement counsel has not made an appearance (i.e., complied with

this Order), and / or any other available sanctions the Court deems appropriate." Dkt. No. 48.

On July 19, six days before the deadline, Shamoon, as president of Ubiquitous, executed an assignment of patent rights to himself as an individual. *See* Dkt. No. 54. The next day, Shamoon filed a "Request to Represent Myself Pro Se" [Dkt. No. 50], which Judge Kinkeade denied because it did not comply with Federal Rule of Civil Procedure 25. *See* Dkt. No. 52. Shamoon also filed "Ubiquitous Connectivity LP No Longer the Plaintiff" [Dkt. No. 51] on July 22, 2022, which Judge Kinkeade struck as noncompliant with N.D. Texas Civil Local Rule 56.7. *See* Dkt. No. 52.

On August 8, 2022, Shamoon filed a motion to substitute party. *See* Dkt. No. 54. TXU filed a response and motion to dismiss. *See* Dkt. No. 57. Ubiquitous and Shamoon filed a joint motion to substitute parties [Dkt. No. 59], along with a response to TXU's response on September 9, 2022 [Dkt. No. 61].

The joint motions [Dkts. No. 59 & 61] were signed on Ubiquitous's behalf not by Ubiquitous Litigation Counsel but by Ubiquitous's corporate counsel, who specified that they did "not undertake representation in the above-referenced matter." *See* Dkt. No. 59 at 2. And TXU filed a response to the joint motion. *See* Dkt. No. 62.

**Legal Standard**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal [with prejudice] is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may " 'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

> A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice."

*Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (quoting *McNeal v. Papasan*, 842 F.2d 787, 790-91 (5th Cir. 1988), then *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)).

And, "[w]hen a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

**Analysis**

TXU argues that the motion to substitute parties is an attempted end-run around the requirement that limited partnerships ("LPs") be represented by licensed counsel. The undersigned agrees.

Ubiquitous is a limited partnership, and, insofar as it is neither an individual nor a sole proprietorship, Ubiquitous is not permitted to proceed *pro se* or through a non-attorney. *See M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). Rather, it must be represented by an attorney in litigation in federal court. *Id*. "The 'clear' rule is 'that … a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per

curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). "[T]his long-standing rule applies equally to 'all artificial entities', such as partnerships and associations." *Huffines Retail Partners, LP v. Atlas Apartments Acquisition, LLC*, No. 3:19-cv-2425-S-BH, 2021 WL 965920 (N.D. Tex. Feb. 17, 2021) (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)), *rec. adopted sub nom.*, *HC Operating, LP v. Atlas Apartments Acquisition, LLC*, No. 3:19-cv-2425-S-BH, 2021 WL 963755 (N.D. Tex. Mar. 15, 2021).

Ubiquitous litigation counsel reported in their June 6, 2022 motion to withdraw that "Plaintiff and its outside counsel have communicated to [Ubiquitous Litigation] Counsel that [Ubiquitous Litigation] Counsel's representation of Plaintiff is terminated and that [Ubiquitous Litigation] Counsel is not authorized to take any action on behalf of Plaintiff." *See* Dkt. No. 44 at 2.

And the Court twice ordered that Ubiquitous must cause new counsel to appear in this case. *See* Dkts. No. 45 and 48. The Court delayed ruling on Ubiquitous Litigation Counsel's motion to withdraw until new counsel appeared. The Court's July 6, 2022 order also warned Ubiquitous that failure to hire counsel to represent it may result in appropriate sanctions, including "dismissal of this case for want of prosecution." *See* Dkt. No. 48; *c.f. AE Mktg. L.L.C. v. Jenkins-Baldwin Corp.*, No. 3:07-cv-0321-F**,** 2013 U.S. Dist. LEXIS 200659 (N.D. Tex. Jan. 2, 2013) ("Entering a default judgment for failure to obtain counsel is not uncommon practice in the federal courts.").

Instead of hiring counsel, Ubiquitous President Charles Shamoon assigned the patent rights to himself on July 19, 2022. *See* Dkt. No. 54. The "Request to Represent Myself Pro Se" [Dkt. No. 50] filing – which the court received on July 20, 2022 – was dated the same day. After the Court denied that motion and struck the "Ubiquitous Connectivity LP No Longer the Plaintiff" [Dkt. No. 51] filing, *see* Dkt. No. 52, Shamoon filed the motion to substitute parties [Dkt. No. 54].

Shamoon's motion to substitute parties amounts to an attempt to do what Ubiquitous was told it could not do: have a non-lawyer prosecute Ubiquitous's case. Ubiquitous's response to the order that it retain counsel was to assign the patent rights to a representative of Ubiquitous who would not need to retain counsel and have them immediately try to resume litigating the case.

There is no indication that this assignment had any other purpose. In their response to TXU's accusation that Ubiquitous was trying to make an end-run around the requirement that it retain counsel, Ubiquitous and Shamoon give no alternative reason for the assignment. They state that the assignment was made and that it is difficult to obtain competent counsel in a highly specialized matter. *See* Dkt. No. 61 at 2. And, although Ubiquitous filed jointly in that motion, Ubiquitous was not represented by litigation counsel. It instead had its corporate counsel sign the motion in an attempt to follow the letter of the law that LPs must be represented by counsel.

The fact that the assignment was executed the same day that Shamoon tried to take over representation in this matter, without any evidence to the contrary, indicates that these actions were part of a concerted effort to disregard the Court's

-7-

order – and the law – and have Shamoon, the president of Ubiquitous, represent Ubiquitous's interests instead of licensed counsel. This attempt by Ubiquitous to represent itself *pro se* violates the requirement that LPs are represented by licensed counsel.

By attempting to circumvent the requirement that LPs appear with licensed counsel and refusing to comply with the Court's order for replacement counsel to appear on their behalf, Ubiquitous has prevented this action from proceeding properly and thus failed to prosecute this lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances. While Ubiquitous's conduct is not inactivity, it is a "stubborn resistance to authority" in that it disregards Judge Kinkeade's orders and attempts to litigate the case the way Ubiquitous wants to litigate the case, rather than the way that Judge Kinkeade orders – and the law requires – the case be litigated. *Haynes.*, No. 20-40787, 2022 WL 2383855, at *1 (quoting *Millan*, 546 F.3d at 327)

The undersigned concludes that lesser sanctions would be futile. The Court has already warned Ubiquitous that a Rule 41(b) dismissal was a potential consequence of further refusal to comply with the Court's orders.

Ubiquitous seems set in its plan to disregard the requirement that it proceed with counsel. It has already been five months since the Court first ordered Ubiquitous to retain replacement counsel. The Court is not required to expend further time and resources until such time as Ubiquitous decides to comply with the law and the Court's order.

The Court should grant TXU's motion and dismiss this action without prejudice.

It is not apparent based on the record here that dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice – for example, because a statute of limitations would prevent Ubiquitous from refiling these claims. But, insofar as this dismissal may somehow prejudice Ubiquitous, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. Further, the undersigned recommends that the Court condition its dismissal without prejudice under Rule 41(b) to allow Ubiquitous leave to file a motion to reopen this action if an attorney permitted to practice in this court enters their appearance on Ubiquitous's behalf as its litigation counsel within thirty days of any order accepting these findings, conclusions, and recommendation. *See Moorish Sci. Temple of Am. v. J.P. Morgan Chase Bank, N.A.*, No. 3:14-cv-1935-P, 2015 WL 233324 (N.D. Tex. Jan. 16, 2015) (adopting this procedure where plaintiff failed to obtain licensed counsel for nearly three months after it was ordered to).

**Recommendation**

The Court should grant the motion to dismiss and, for that reason, deny the motion to substitute parties and the motion to withdraw as attorney as moot. This dismissal should permit Plaintiff leave to file a motion to reopen this action if an attorney permitted to practice before this court enters their appearance on

Ubiquitous's behalf as its litigation counsel within thirty days of any order accepting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE